STARR *vs.* ROBINSON, in error.

A special act of the legislature freeing the body of a debtor from imprisonment, and providing that " all such bonds as have been taken by the Sheriff, on the admission of the debtor to the liberties of the prison, be discharged," is not construed to extend to a case where the debtor had committed an escape from the liberties of the prison, before the passing of the act; and, if such act be so worded, as to extend to such case, it is a law impairing the obligation of contracts, a violation of the constitution of the U. States, and void.

THE original action in this case was on a gaol bond assigned by the Sheriff to the creditor, in which the plaintiff declared, that, by the consideration of the County Court for the County of Bennington, at the term of said Court holden in June, 1810, he recovered judgment against Moses Sage, for the sum of $65,63 cents damages, and for the sum of $15,42 cents, costs of suit; that he prayed out an execution on that judgment, by virtue of which, the said Moses Sage, on the 24th day of August, 1810, was committed to the common gaol in Bennington, and was, on the same day admitted to the liberties of said prison; that on that occasion, the said Moses Sage, as principal, and Jonathan Robinson, the now defendant, as surety, executed the bond, on which this action is brought. That, on the same day the said Moses Sage, escaped from the liberties of the prison, and thereupon the Sheriff assigned the bond to the plaintiff Starr, the creditor. The action was commenced by Starr, the creditor, as assignee of the bond against Jonathan Robinson, the surety, on the fifth day of October, 1811, before the County Court for the County of Bennington.

The defendant pleaded in bar an act of the legislature, passed on the thirty first day of October, 1811, entitled an act, for the relief of Moses Sage, setting forth the act in *haec verba* in the plea. The following part of the first section only is material in the case. " It is hereby enacted &c. that the said Moses Sage, is released and discharged from his said imprisonment in said gaol (referring to a recital in the preamble of the act) and shall be free from arrests on all process in civil actions, issuing under the authority of this State, for and during the term of three years from and after the first day of January 1812.

" Provided, that the judgments, on which the said Moses is confined, shall remain in the same situation, as though writs of execu

*Bennington*
July.
1814

Starr
*vs.*
Robinson.

tion had never issued thereon ; and that all such bond or bonds as have been taken by the Sheriff, or keeper of the gaol in said Bennington, for the liberties of the prison granted to the said Moses Sage, be, and the same are hereby discharged. And provided any action or actions should be brought against the Sheriff of said County, or any of the bail of the said Moses, on account of his being released, this act shall be considered as a sufficient bar to a recovery ; and the defendant or defendants shall recover costs." To this plea, the plaintiff demurred ; and the County Court rendered judgment for the defendant ; to reverse which judgment this writ of error was brought, and the general error assigned, to which the defendant pleaded in *nullo est erratum.*

*Wright,* for the plaintiff. The act pleaded in bar does not extend to the bond on which the action, in this case, was brought ; for although, the bond was given on granting the liberties of the prison to the said Moses Sage, yet it was not given in consequence of any execution, or any civil process on which the said Sage was imprisoned, at the time said act was passed ; and from such imprisonment only, was the act intended to release and discharge him. The provision in the act respecting gaol bonds, is limited to those bonds only, in a suit on which, by the creditor, the fact of Sage's going at large, in consequence of his release by the act, should be alledged as a breach of the condition. By the record, in this case, it appears that Sage was not imprisoned on the execution in favor of Starr, at the time the act was passed ; he had before been committed to prison on the execution, had given the bond in question for the liberties of the prison, had departed from the liberties and was at large ; the bond had been assigned, and a suit on the bond commenced before the act was passed. It cannot, therefore, be said that Sage was discharged from his imprisonment on the execution in favor of Starr, by virtue of that act ; and consequently the bond in question is not within the provisions of the act.

*Skinner* for the defendant. From the nature of the act in question, being an act granting relief to Moses Sage, for reasons recited in the act, it ought to be construed liberally for the attainment of that relief, in a full and ample manner, according to the intention of the legislature.

The act contains two provisions ; one to release the body of

Moses Sage from imprisonment, the other to discharge all bonds taken for the liberties of the prison granted to Sage. The words of this last provision are, " that all such bond or bonds as have been taken by the Sheriff or keeper of the gaol, in said Bennington, for the liberties of the prison granted to said Moses Sage, be, and the same are hereby discharged." The words of the act clearly extend to all such bonds, which had, at any time been taken by the Sheriff and then remained in force, not discharged or satisfied. From the force of the expressions, the act extends as well to all bonds taken for the admission of Sage to the liberties of the prison, on occasion of any former imprisonment, as to those taken on occasion of his imprisonment, at the time of passing the act. Justice also requires this construction ; for, as the body of Moses Sage the principal is, by the act, freed from arrest and imprisonment in all civil cases ; without any exception, it is unjust that the bail should remain liable, while the act deprives him of his full remedy over against Sage.

*Bennington July. 1814.*

*Starr vs Robinson.*

The opinion of the Court was delivered by

CHIPMAN, Ch. J. The act of the legislature, which is relied upon in this case, is not a public act, nor is it a remedial act, in the language of the law. It is a private act, and has been rightly so pleaded. It is an act which gives a privilege to one man, while it infringes, or at least suspends the rights of another ; therefore, upon every sound principle, it ought to receive a strict construction ; it is not to be extended in favor of Moses Sage or his sureties, beyond that which is clearly expressed, or that which is a necessary and unavoidable inference. Now if the act had gone no farther than to discharge Moses Sage from his imprisonment, and to permit him to go at large, without expressly declaring, that the Sheriff, or the sureties for the liberties of the prison, should not be liable, on the departure of Sage, as for an escape, yet they would not have been liable ; such is the necessary inference, the necessary consequence of a legal discharge of the prisoner. If it was lawful for Sage to go at large under the authority of this act, the condition of the bond was not broken by his departure, as he was legally discharged from imprisonment, in every case of a civil nature, for which he then stood committed : but to construe the act to purge an escape before that time committed, would be wholly unwarrant-

*Bennington*
July
1814.

Starr
*vs.*
Robinson

ed—it would be a flagrant abuse of every just principle of construction,

But, it is said, the act is too clear to admit of construction, that the words are express, "that all bond or bonds, which have been taken by the Sheriff or keeper of the gaol in Bennington, for the liberties of said prison granted to the said Moses Sage, be, and the same are hereby discharged." The act, indeed, sets out with a very broad expression, "all bond or bonds" and if this clause were not explained by what precedes and what follows, it might almost afford a pretext for the defendant's construction. But this is to extend the act beyond the manifest intention of the legislature as expressed in the preamble, which is to discharge Moses Sage from his confinement in prion, at that time, and to free his body from arrest, for a certain limited time; there is not a word respecting a discharge of his sureties, who had become liable; and the clause which has been relied on, does not affect his sureties. Actions may be maintained against them, and they may have their remedy over against Sage. They may proceed by summons, or attachment of his property, for that is not by the act intended to be exempted. And, although it is crudely expressed, as is almost every part of this act, yet what follows, and closes this particular provision, draws it towards a point, and the whole *intelligibly limits* the sense. It makes, with what has just been recited, but one provision. "And provided (or in case) any action, or actions shall be brought against the Sheriff or any of the bail (sureties in such bonds) of the said Moses, on account of his being released (certainly meaning, on account of Sage's going at large, in consequence of his being, by the act, so discharged,) this act shall be considered a sufficient bar, &c." It makes but one provision, and when read, so as to render it intelligible, is found to have been intended to express what, as before observed, is a legal consequence of a discharge of the principal from his imprisonment—and is no more than, that Sage's going at large, shall not be deemed an escape: although the person who drew the act, seems not to have been aware of the legal inference, or to know how to introduce it by express provision. Such bills are usually drawn by some private friend of the petitioner, and are often passed with too little attention to propriety or accuracy of expression.

It ought further to be observed, that had the provision under

consideration, been so clearly expressed, as clearly to admit of the <span>Bennington</span> defendant's construction, yet it could not avail him, it could not be <span>July, 1814.</span> permitted to operate—it would have been a palpable violation of the constitution of the United States, which renders null and void every <span>Starr vs. Robinson.</span> act, even of a State legislature, made in violation of any express provision of that constitution.    In that instrument it is expressly declared that no State shall pass any law impairing the obligation of contracts. Now, whatever may be said with respect to a gaol bond, before the condition be broken—whether it be considered as a contract, to which the creditor is a party, or, if I may so say, a substitute for the walls of the prison—as a mean of securing the confinement of the debtor, yet when the condition of such bond is broken, and the bond is assigned by the Sheriff to the creditor, it undeniably becomes a contract, between the creditor, the assignee, and the signers of the bond.    In this case, the condition of the bond had been broken, the bond had been assigned to the creditor, and a suit commenced on the bond by him before the passage of the act.    The contract was legal and complete, and the creditor has every just right to claim the benefit of that provision in the constitution of the United States, which was made by the people of the United States, to protect their rights against such acts of the State legislatures as should inadvertently, or otherwise be passed in violation of those rights.    The creditor, as one of the people has a right to claim the benefit of this provision, and that it be held, by the Court, sacred and inviolate.    And, certainly, the Court ought anxiously to avoid any construction of a law, which would imply in the legislature, either an ignorance of their powers and duties, or a design to violate the national constitution.   From all these considerations, the Court are clearly of opinion that the judgment of the County Court is erroneous, and must be reversed.